# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3315 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Mitchell vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies Plaintiff's motion for reassignment and consolidation [103]. This case is set for status on July 10, 2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's motion to reassign *Garcia v. City of Chicago*, 10-CV-3277, to this Court and consolidate it with the instant action pursuant to Local Rule 40.4.

In the Northern District of Illinois, cases are randomly assigned to a district judge. L.R. 40.1. This system can lead to situations in which two or more cases that are closely related will be pending before different judges. In such an instance, Local Rule 40.4 provides a mechanism whereby parties can request that the later-filed case be reassigned to the judge who is presiding over the lower-numbered, earlier-filed case. The rule promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common. To obtain reassignment of a case, a movant must first show that the case to be reassigned is "related" to a previously filed case and then demonstrate that reassignment would promote efficient use of judicial resources under four specific criteria.

To be "related," two cases must satisfy *at least* one of the four criteria laid out in Rule 40.4(a): the cases share some issues of fact or law; they involve the same property; each grows out of the same transaction or occurrence; or they involve one or more of the same classes if the motion is made in the context of multiple class action suits. See also *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008). Here, Plaintiff argues that the cases are related because: (1) Garcia and Mitchell both allege that managers in the Department of Revenue impermissibly discriminated and retaliated against them in violation of Title VII; (2) the cases involve substantially the same issues of fact and law; and (3) they grow out of the same transaction and occurrence. Defendant counters that the claims are not related because Mitchell asserts claims of race discrimination under 42 U.S.C. §§ 1981 and 1983 and under Title VII of the Civil Rights Act, whereas Garcia asserts claims of national origin and age discrimination under Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. Defendant also notes that the claims occurred during different time periods and different supervisors.

**STATEMENT**

Even if two cases are found to be related, however, the moving party must also meet *each* of four criteria specified in L.R. 40.4(b) before a case will be reassigned. First, both cases must be pending in this district. Second, a substantial savings of judicial time and effort must be likely to result from the reassignment of the cases to a single judge. Third, the earlier-filed case must be at a point where designating a later-filed case would not be likely to substantially delay the proceedings in the earlier case. Fourth, the cases must be susceptible to disposition in a single proceeding. *Id*. at *3-4.

Furthermore, Fed. R. Civ. P. 42(a) "provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may (1) order a joint hearing or trial of any or all matters in the actions; (2) order all the actions consolidated; or (3) issue any other orders to avoid unnecessary costs or delay."

The Court need look no further than to the respective docket sheets to conclude that the first condition of L.R. 40.4(b) is satisfied. Both cases are pending in the Northern District of Illinois. The Court also agrees with Plaintiff that the third factor is satisfied. Both cases are at the same stage of litigation with discovery having recently closed.

With respect to the second and fourth conditions, Plaintiff, as the moving party, bears the burden of indicating "the extent to which the conditions required by section (b) will be met if the cases are found to be related." L.R. 40.4(c)(2). On the second factor, Plaintiff argues that reassigning the cases will promote the conservation of judicial resources because any despositive motions will include overlapping facts and legal issues, and if the cases go to trial many of the witnesses will be the same. On the fourth factor, Plaintiff argues that the cases are susceptible to disposition in a single proceeding because both cases assert a hostile work environment involving similar facts and alleging an ongoing patter of conduct by the Department's managers. Defendant disagrees, arguing that while there may be some overlapping issues of law and fact, each Plaintiff brings claims that require a distinct factual and legal inquiry. The Court agrees with Defendant; at this time, reassignment is inappropriate. Plaintiff Mitchell alleges race discrimination and a *Monell* claim, whereas Plaintiff Garcia alleges national origin and age discrimination claims. Moreover, the claims involve different events and supervisors, and occurred at different times. Because the Plaintiffs' claims vary, it is not clear that a single trial would be advisable. See *Apostolou v. Geldermann, Inc.*, 919 F. Supp. 289, 292 (N.D. Ill. 1996). For all of these reasons, the Court is not convinced that reassigning and consolidating the cases is likely to result in a substantial savings of judicial time and effort or that the cases can be disposed of in a single disposition. *Id*.; see also *Garner v. Country Club Hills*, 2012 WL 1900020, at *2 (N.D. Ill. May 23, 2012)

Accordingly, Plaintiff's motion for reassignment and consolidation [103] is denied. This case is set for status on July 10, 2012 at 9:00 a.m.